UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA HINTON, et al., : | |
| *Plaintiffs* : | |
| : | Case No.   20-cv-1515-JMY |
| v. : | |
| : | |
| SANSOM STREET, INC. : | |
| d/b/a SAINTS & SINNERS agent of : | |
| SAINTS & SINNERS PHILADELPHIA : | |
| and THOMAS SHERWOOD, : | |
| *Defendants.* : | |

MEMORANDUM

Younge, J.                                                                                                              April 7, 2021

I.      **PROCEDURE & FACTS**

Currently before this Court is a Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the above-captioned Defendants.[1] In their Motion to Dismiss, Defendants set forth their arguments for why dismissal is appropriate under seven headings as follows:

> (A) Plaintiffs' Claims are Improperly Joined in this Action and Should therefore be Dismissed . . . (B) Plaintiffs' Complaint Should be Dismissed Because Plaintiffs Have Named the Incorrect Defendant . . . (C) Plaintiffs' Complaint Against Thomas Sherwood Should be Dismissed Because Plaintiffs Have Failed to State a Claim as to His Personal Liability . . . (D) Plaintiffs' Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because Many of Their Claims are Barred by the Statute of Limitations and Because they Fail to State a Claim under the Lanham Act . . . (E) The Court Lacks Subject Matter Jurisdiction to Hear Plaintiffs' State Law Claims Once the Lanham Act Claims are Rightfully Dismissed . . . (F) Plaintiffs' Fail to State a Claim for Each of the State Law Claims; and . . . (G) In the Alternative, Plaintiffs' State Law Claims Should be Stricken as Duplicative.

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

(Motion to Dismiss, ECF No. 11 page 5, 9, 10, 13, 22, 23, 28.)

There are ten Plaintiffs in this matter– Jessica "Jessa" Hinton, Jessica "Jesse" Golden, Tiffany Toth Gray, Usula Sanchez a/k/a Ursula Mayes ("Ms. Hayes"), Jaime Edmonson Longoria, Katarina Van Derham, Eva Pepaj, Brooke Johnson a/k/a Brooke Taylor ("Ms. Taylor"), John Coulter, and Jennifer Zharinova ("Plaintiffs").[2] (Complaint, ECF No. 1.) Plaintiffs allege that they are professional models. They bring the instant action against the above-captioned Defendants alleging that Defendants used each Plaintiff's Image and likeness in advertisements and promotional materials for Defendants' "swingers clubs." (*See* Declaration of M. Kelly Tillery, Esq., Exhibit A, Complaint ¶ 1.) Plaintiffs bring eleven claims against Defendants as follows: (1) violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (false advertising); (2) violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (false association); (3) Pennsylvania common law right to privacy; (4) violation of 42 Pa. Cons. Stat. § 8316 (right of publicity, unauthorized use of name or likeness); (5) Pennsylvania common law right of publicity; (6) violation of 73 P.S. § 201-1-201-9.2 (Pennsylvania Unfair Trade Practices Act and Consumer Protection Law); (7) Pennsylvania common law defamation; (8) Pennsylvania common law negligence and *respondeat superior*; (9) Pennsylvania common law conversion; (10) unjust enrichment; and (11) quantum meruit. (See Complaint.)

---

[2] Nine of the ten present Plaintiffs – all except for Mr. Coulter – also brought suit in the District of New Jersey along with approximately 50 other plaintiffs alleging many of the same claims as in the instant Complaint (the "*Acosta* Action"). *See Acosta v. Highway Entertainment, et al.*, Civ. Action No. 18-cv-17725, 2020 U.S. Dist. LEXIS 68595 (D. N.J. 2020). All but the first named plaintiff and the two defendants against whom she had a claim were dismissed from the *Acosta* Action, as the Court found that the plaintiffs' claims did not arise out of the same transaction or occurrence and therefore did not describe a potential nexus to satisfy the requirements of Federal Rule of Civil Procedure 20. (*See* Tillery Decl., Exhibit B.) After dismissal from *Acosta*, Plaintiffs brought the case *sub judice* against Defendants named herein.

**II.     DISCUSSION**

This Court will now explain its rationale and analysis for entry of an Order denying the Defendants' Motion to Dismiss.

A.     <u>This Court Will Not Dismiss the Complaint or Sever Plaintiffs' Claims at the Pleading Stage of this Litigation</u>.

In their Motion to Dismiss, Defendants argue that the Complaint should be dismissed and/or that the Plaintiffs' consolidated action should be severed so that each individual Plaintiff is required to proceed separately.  (Motion to Dismiss page 5.)  Defendants argue that joinder in this instance does not comply with the requirements of Federal Rule of Civil Procedure 20(a), and that it is inconsistent with Orders previously entered in *Acosta v. Highway Entm't*, No. 18-177725, 2020 U.S. Dist. LEXIS 68595 (D. N.J. 2020).[3]

Under Federal Rule of Civil Procedure 20(a), joinder of claims is proper if: (a) the Plaintiffs "assert any right to relief jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (b) there are common questions of law or fact.  Fed. R. Civ. P. 20(a).  To be properly joined under Rule 20(a), therefore, the claims must "[assert] a right to joint relief [], related to the same occurrence, and common questions of law or fact."  Misjoinder occurs when there is no common question of law or fact between the plaintiffs, or when the plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.  *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006).

---

[3]  In *Acosta*, the Court held that joinder of 58 different plaintiffs alleging that 21 different strip clubs misappropriated their respective likenesses was improper because the complaint "assert[ed] that the images of [Plaintiffs]…were misappropriated by [D]efendants independently of one another at various times and on various websites, without detailing a potential nexus that could satisfy the requirements of…permissive joinder."  However, the court in Acosta expressly permitted Plaintiffs to file a joint action in an appropriate case.  *Acosta v. Highway Entm't*, No. 18-177725, 2020 U.S. Dist. LEXIS 68595 *8 n.6 (D. N.J. 2020).

3

After a review of the Complaint, and confined to the allegations therein on a motion to dismiss, Plaintiffs have properly pled that their claims arise out of the same series of transactions or occurrences.  The Complaint states that "Defendants used Saints & Sinners' Facebook, Twitter, and Instagram accounts to promote Saints & Sinners, and to attract patrons thereto." (Complaint ¶ 62.)  It goes on to aver that "Defendants knowingly, and without the prior consent of any of the Plaintiffs, invaded Plaintiffs' privacy by using Plaintiffs' Images for commercial purposes in order to promote Saints & Sinners by and through various marketing and promotional mediums including, without limitation, Saints & Sinners' website, Twitter, Facebook, and Instagram."  *Id.* ¶ 71.

B. <u>Any Issue Defendants Raise Pertaining to the Naming of an Incorrect Party is Now Moot.</u>

Defendants argue for dismissal of claims brought against Rosewood Inn Caterers, LLC d/b/a Saints & Sinners d/b/a Saints & Sinners NE Philadelphia; however, a review of the docket indicates that this issue is now moot.  The parties have entered into a stipulation to dismiss Rosewood Inn Caterers, LLC d/b/a Saints & Sinners d/b/a Saints & Sinners NE Philadelphia. (Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), ECF No. 15.)

C. <u>The Amended Complaint Avers Facts that Permit Plaintiffs to Proceed against Thomas Sherwood</u>.

Defendants argue that Plaintiffs have failed to plead facts to state a claim for personal liability on the part of Thomas Sherwood in his individual capacity.  (Motion to Dismiss page 10.)  However, the Third Circuit Court of Appeals has recognized that a corporate officer is individually liable for the torts he commits under the Lanham Act.  *Donsco, Inc. v. Casper, Corp.*, 587 F.2d 602, 606 (3d Cir. 1978).

The Complaint sets forth a cause-of-action against Mr. Sherwood by alleging that he was directly involved in the advertising and promotion of Saints & Sinners. For example, Plaintiffs pled, "According to publicly available records, and upon information and belief, Thomas Sherwood in his capacity as principal, owner and/or CEO of Sansom Street, Inc. maintained operational control over Saints & Sinners Philadelphia, including all advertising relating thereto." (Complaint ¶ 23.) The advertising distributed by Defendants goes to the heart of the Plaintiffs' claim and is the subject matter of this lawsuit.

D.  The Statute of Limitations Does Not Warrant Dismissal of this Action on Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) and the Complaint Adequately Pleads Facts to Permit the Plaintiffs to Proceed with Their Lanham Act Claims.

Defendants argue that many of the Plaintiffs and their individual claims should be dismissed from this action based on the statute of limitations. (Motion to Dismiss pages 13-14.). They argue that a six-year statute of limitations is applicable to claims brought under the Lanham Act and Pennsylvania Unfair Trade Practice Act & Consumer Protection Law. They go on to argue that Plaintiffs' unjust enrichment and quantum meruit claims are subject to a four-year statute of limitations; Plaintiffs' claims for right of publicity, negligence, and conversion are subject to a two-year statute of limitations; and Plaintiffs' claims for right of privacy and defamation are subject to a one-year statute of limitations. They argue that Plaintiffs' Complaint was filed in March of 2020 well after many of the Plaintiffs' causes-of-action had accrued.

The statute of limitations is an affirmative defense, and as such may only provide grounds for dismissal under Rule 12(b)(6) if its applicability is apparent on the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 686 (E.D. Pa. 2011) ("The [Third Circuit] Rule requires it be clear, from the face of the Complaint, that the claim is barred by the statute of limitations."); *Schmidt v.*

*Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) ("[W]hile a court may entertain a motion to dismiss on statute of limitations grounds, it may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense."). Generally, in Pennsylvania, a cause of action will not accrue until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, facts which form the basis of a cause-of-action. *Beauty Time, Inc. v. VU Skin Sys.*, 118 F.3d 140 (3d Cir. 1997) (applying Pennsylvania's discovery rule to a fraud claim brought under the Lanham Act); *Giordano v. Claudio*, 714 F. Supp. 2d 508, 529 (3d Cir. 2010) (courts located in Pennsylvania apply the discovery rule to defamation claims); and *Urland v. Merrell-Dow Pharmaceuticals, Inc.*, 822 F.2d 1268, 1271 (3d Cir. 1987) (courts employ the "same 'knew or should have known' standard whether the statute is tolled because of the discovery rule or because of fraudulent concealment.").

The Defendants' Motion to Dismiss based on the statute of limitations will be denied because the face of the Compliant does not clearly identify when the Plaintiffs discovered or should have discovered the publication of their image on the Defendants' Internet social media network. The calculation of the statute of limitations in this instance is further complicated by the fact that nine of the ten Plaintiffs' first brought suit in December of 2018. *Acosta v. Highway Entm't*, No. 18-17725, 2020 U.S. Dist. LEXIS 68595 (D. N.J. 2020) (complaint filed on 12/28/18). In *Acosta*, the Court exercised its discretion to dismiss Plaintiffs' claims with leave to refile on the understanding that "refiling would not have any adverse effect on the viability of Plaintiffs' claims, such as being barred by a statute of limitations." *Id.* at *7. Thus, a question remains as to whether the complaint filed in December of 2018 in *Acosta* tolled the statute of limitations.

Defendants further attack claims bought under the Lanham Act by arguing that allegations in the Complaint are factually insufficient.  To reiterate, Plaintiffs seek to recover under the Lanham Act based on theories of false advertising under 15 U.S.C. § 1125(a)(1)(B) (Complaint ¶¶ 145-154 (First Cause of Action) and False Association/Endorsement under 15 U.S.C. § 1125(a)(1)(A).  *Id.* ¶¶ 155-163 (Second Cause of Action).  Defendants argue that these theories are duplicative and that the false advertising claim should therefore be struck.  (Motion to Dismiss page 18.)

To establish a claim for false advertising under § 1125(a)(1)(B), a plaintiff must show that: "(1) [the] defendant has made false or misleading statements about their own product [or another's]; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to the plaintiff[s] in terms of declining sales, loss of good will, etc." *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011); *Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer Pharm., Inc.*, 19 F.3d 125, 129 (3d Cir 1994).

To state a claim for false designation or endorsement under § 1125(a)(1)(A) of the Lanham Act, a Plaintiff must allege that the defendant "uses a designation, (2) in interstate commerce, (3) in connection with goods, (4) which designation is likely to cause confusion, mistake, or deception as to (5) the origin, sponsorship, or approval of [the] [d]efendant's goods, and (6) [the] [p]laintiff has been or is likely to be damaged by these acts." *First Keystone Fed. Sav. Bank v. First Keystone Mortg.*, 923 F. Supp. 693, 707 (E.D. Pa. 1996).  Additionally, (1) the mark at issue must be legally protectable, (2) the plaintiff must own the mark, and (3) the

7

defendant's use of the mark to identify its goods or services must be likely to create confusion concerning the plaintiff's sponsorship or approval of the goods or services. *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1014 (3d Cir. 2008).

The Complaint adequately sets forth the factual basis for false advertising and false designation or endorsement claims under the Lanham Act. Plaintiffs allege *inter alia* that "each Plaintiff is a well-known professional model who earns [their] livelihood modeling and licensing [their] Images to companies, magazines and individuals for the purpose of advertising products and services." (Complaint ¶ 24.) It further alleges that "Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize their earning potential." *Id.* ¶ 25. Plaintiffs go on to aver that without their knowledge or consent their Images were misappropriated, and intentionally altered, by one or more of the Defendants in order to make it appear that Plaintiffs either worked at, endorsed or were otherwise associated or affiliated with Saints & Sinners. *Id.* ¶¶ 26-29, 72, 79.

In terms of motive and intent, Plaintiffs aver that Defendants were aware that they were making a false impression or representation to potential clients and customers, and that Defendants knew that they were causing confusion. *Id.* ¶¶ 64, 152. The Complaint states, "Defendants showcased [their] Images on Saints & Sinners' social media pages to create the false impression that Plaintiffs worked at Saints & Sinners, endorsed, promoted, sponsored[,] or were otherwise associated or affiliated with same." *Id.* ¶ 72. Plaintiffs allege that this was done to generate revenue by attracting increased business in the form of clients and customers to Saints & Sinners. *Id.* ¶ 65, 74. Plaintiffs specifically aver that the unauthorized use of their Image deprives them of income they are owed relating to the commercialization of their Images, and has injured their careers. *Id.* 75-76.

Defendants further argue that Plaintiffs' claims brought under the Lanham Act should be dismissed from the Complaint because the alleged violations do not implicate interstate commerce. Contrary to their argument, the Complaint alleges that in an effort to promote its business, Defendants disseminated Plaintiffs' Images through its Internet based social media accounts including Facebook, Twitter and Instagram. (Complaint ¶¶ 61-62, 71.) The Complaint alleges that Defendants attempted to draw patrons to their venue by using the Internet. *Id*. These allegations are sufficient to survive Defendants' motion to dismiss because claims arising out of Internet advertising implicate interstate commerce based on the very nature of the Internet which has potential to reach a worldwide audience. *United States v. MacEwan*, 445 F.3d 237, 244-245 (3d Cir. 2006) (holding that Congress has the power to regulate the Internet as an instrumentality and channel of interstate commerce regardless of whether a transmission crosses state lines or is accessed in another state because the internet is an international network of interconnected computers).

(E)   <u>The Lanham Act Claims Have Not Been Dismissed; Therefore, Supplemental Jurisdiction Will Be Retained Over State Law Claims</u>.

Claims brought under the Lanham Act will not be dismissed from the Complaint. Accordingly, Plaintiffs' claims under state law will not be dismissed for lack of supplemental jurisdiction on these grounds.

(F - G)   <u>Theories for Relief Under State Have Been Adequately Pled and Will Not be Dismissed as Duplicative</u>.

A review of the Complaint establishes that causes-of-action pled under state law are factually sufficient to survive the Defendants' motion to dismiss. These claims will not be

dismissed as duplicative of other causes-of-action pled in the Complaint at this juncture in the litigation.

### III.   CONCLUSION

For these reasons, the Motion to Dismiss filed by the Defendants will be denied and an appropriate Order will be entered.

By the Court:

  /s/ John Milton Younge
Judge John Milton Younge